UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heinz G. Butt,<br><br>　　　　　　　　　Plaintiff,<br><br>-v-<br><br>Nationwide Mutual Insurance Co. and Scottsdale Insurance Co.,<br><br>　　　　　　　　　Defendants, | 2:22-cv-5673<br>(NJC) (AYS) |
| Scottsdale Insurance Co.,<br><br>　　　　　　　　　Third-Party Plaintiff,<br><br>-v-<br><br>Charlotte Buckleman and Thomas Buckleman, Jr.,<br><br>　　　　　　　　　Third-Party Defendants, | |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

　　ORDER: The Court has reviewed the response to the Court's September 23, 2025 Order to Show Cause (Order Show Cause, ECF No. 43) by Defendants Scottsdale Insurance Company ("Scottsdale") and Nationwide Mutual Insurance Company ("Nationwide," collectively, "Defendants") (ECF No. 45). Defendants have established that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C § 1332(a).

　　First, Defendants have established complete diversity of the parties because Plaintiff Heinz G. Butt ("Butt") is a citizen of Georgia, Nationwide is a citizen of Ohio, and Scottsdale is a citizen of Ohio and Arizona for the following reasons.

Defendants provide the following evidence in support of their position that Butt is a citizen of Georgia: (1) Butt's November 2, 2020 application for insurance with Scottsdale, which includes his former Warner Robins, Georgia address (ECF No. 45-1 at 2); (2) the complaint in *Thomas Buckleman, et al. v. Heinz G. Butt, et al.*, Index No. 609822/2022 (N.Y. Sup. Ct.) (the "Underlying Action"), which alleges Butt is a resident of Georgia (ECF No. 45-2 at 2); (3) Butt's answer in the Underlying Action in which Butt admits to residing in Georgia (ECF No. 45-2 at 9); (4) the affidavit of service in the Underlying Action, which indicates Butt was served at his former Warner Robins, Georgia residence (ECF No. 45-3 at 2); (5) the transcript of Butt's deposition in the Underlying Action, which indicates that Butt provided his Georgia driver's license as proof of identity and that he testified that his address since June 2024 is in Byorn, Georgia and that he had resided in Warner Robins, Georgia for twenty years prior to moving to Byorn, Georgia (ECF No. 45-4 at 8, 10–11). Considering that Butt has resided in Georgia for at least 21 years and has a Georgia driver's license, Defendants have established that Butt is domiciled in and is a citizen of Georgia. *See Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (recognizing that "current residence," "driver's license," and "how permanent the living arrange appears" weigh towards a finding that an individual is domiciled in the state for diversity purposes).

As discussed in the Order to Show Cause, "Defendants have also established that Nationwide is a citizen of Ohio and that Scottsdale is a citizen of Ohio and Arizona" because the "Notice of Removal alleges that Nationwide is 'incorporated in' and has 'its principal place of business in Ohio' and that Scottsdale is 'organized under the law of the State of Ohio' and has 'its principal place of business in Arizona.'" (Order Show Cause at 5 (quoting Not. Removal ¶¶ 27–28).)

Second, as discussed in the Order to Show Cause, the Notice of Removal establishes that the amount in controversy exceeds $75,000 as required for jurisdiction under 28 U.S.C. § 1332(a) because the Notice of Removal alleges, among other things, "that the insurance policy under which 'Butt seeks coverage for the Underlying Action includes liability limits of $1,000,000.00.'" (*Id.* (quoting Not. Removal ¶ 18).)

Thus, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000, there is diversity jurisdiction over this action under 28 U.S.C § 1332(a).

Dated: Central Islip, New York
October 14, 2025

       */s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge